IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS ORLANDO TAITE, ) | |
| a/k/a DRELIJAH J. MUHAMMAD-ALI, ) | |
| # 180644, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:20-CV-608-ECM-JTA |
| ) | [WO] |
| THE ROYAL COURT OF JUSTICE COAT ) | |
| OF ARMS OF ALABAMA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Marcus Orlando Taite, a state inmate at the Bibb Correctional Facility in Brent, Alabama, filed this *pro se* petition in which he references 28 U.S.C. § 2241 in the heading and body of the petition. *See* Doc. 1 at 1, 2, 10.[1] From a review of Taite's mostly nonsensical and unintelligible claims, it appears he is challenging, among other things, his 1999 conviction for second-degree burglary, in violation of Ala. Code § 13A-7-6, in the Circuit Court of Clarke County, Alabama (Case No. CC-1999-169). *Id.* at 7, 11–12. That court sentenced Taite to life imprisonment under Alabama's Habitual Felony Offender Act. As explained below, this court finds Taite's petition should be dismissed for lack of jurisdiction.

---

[1] Document numbers, as they appear on the docket sheet, are designated as "Doc." Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

## I. DISCUSSION

As best as can be discerned from his petition, Taite challenges his 1999 conviction for second-degree burglary in the Circuit Court of Clarke County, Alabama.[2] A state prisoner challenging his conviction and sentence under which he is confined must do so by a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See, e.g., Felker v. Turpin*, 518 U.S. 651, 662 (1996); *Cook v. Baker,* 139 F. App'x 167, 168 (11th Cir. 2005); *Malloy v. Riley, et al.,* Civil Action No. 4:02cv79-IPJ (N.D. Ala.), 82 F. App'x 222 (Aug. 26, 2003). Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Thus, while Taite's petition references 28 U.S.C. § 2241 (and various other putative legal provisions[3]), and not § 2254, the court finds his petition should be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Title 28 U.S.C. § 2241(d) provides:

---

[2] *See* Doc. 1 at 15, where Taite appears to say he is seeking a writ of habeas corpus overturning his "false imprisonment." Taite contends that all Alabama statutes, including presumably the criminal statute under which he was convicted, have been "proven void." *Id*. at 8, 10–12. He also asserts he is entitled to "full inspection/discovery under *Brady v. Maryland* (1963) U.S. S. Ct. [and] *Giglio vs. U.S.* (1972) U.S. S. Ct.[.]" Doc. 1 at 15.

[3] Some of the legal provisions cited by Taite as authorities for the claims in his petition are the "Treaty of Peace and Friendship of U.S. of America Republic Const Articles 6, 11, 21 and Additional (1787)[;]" the "Declaration of Independence of Thomas Jefferson[;]" the "Letter from U.S. President George Washington to Sultan of Morocco – New York (1789)[;]" "Philadelphia's Resolution No. 75 (1933)[;]" "Preface to 'The Moors in Spain' Conceptual Origins of the Constitution[;]; and "Divorce of Clarke County, Alabama Circuit Court Grove Hill, AL 36451 Case No. DR-2020-000004.00 7/22/2020 2:24 Denied Alabama State[.]" *See* Doc. 1 at 4–8. Suffice it to say that it is not apparent how these authorities support Taite's claim for habeas relief.

2

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d).  By this statute, a petition for writ of habeas corpus under § 2254 must be filed either in the federal district court for the district of the state court of conviction or the federal district court in the district of incarceration in that state.

Taite is incarcerated at the Bibb Correctional Facility in Brent, Alabama.  Brent is in Bibb County which is in the United States District Court for the Northern District of Alabama.  Thus, Taite is incarcerated in the United States District Court for the Northern District of Alabama.  Taite challenges a conviction entered by the Circuit Court for Clarke County, Alabama.  Clarke County is in the United States District Court for the Southern District of Alabama.  Thus, under 28 U.S.C. § 2241(d), both the United States District Court for the Northern District of Alabama and the United States District Court for the Southern District of Alabama would have jurisdiction over a § 2254 petition properly filed by Taite.  However, this court, which sits in the Middle District of Alabama, lacks jurisdiction over Taite's § 2254 petition under § 2241(d).  *See Dobard v. Johnson*, 749 F.2d 1503, 1505–07 (11th Cir. 1985).

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is "in the interest of justice," transfer such action to any other court in

which the action could have been brought when it was filed.[4]  In view of the mostly nonsensical and unintelligible claims in Taite's petition, the court finds that the interest of justice does not warrant a § 1631 transfer to any of the other United States District Courts in Alabama and that dismissal of this action is proper.[5]

Furthermore, a § 1631 transfer to another United States District Court in Alabama would be futile here.  In 2013, Taite filed a § 2254 habeas petition in the United States District Court for the Southern District of Alabama challenging the Clarke County burglary conviction that he challenges by his instant petition.  *See Taite v. Stewart,* No. 13-322-CG-N, 2016 WL 4154257 (S.D. Ala. 2016).  In August 2016, that court dismissed Taite's §

---

[4] Section 1631 states:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court (or, for cases within the jurisdiction of the United States Tax Court, to that court) in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

[5] Pursuant to Fed. R. Evid. 201(b) and (c), the court takes judicial notice of its records filed in this and other federal courts, *see United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) (holding that "[a] court may take judicial notice of its own records and the records of inferior courts."); *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009), and concludes that transfer of this action is not in the "interest of justice" given Petitioner's well-documented practice of filing frivolous litigation in the federal courts.  *See e.g., Tate v. Haley, et al.*, Case No. 2:02-CV-34-MHT-CSC (M.D. Ala. 2002); *Tate v. Keahey, et al.*, Case No. 1:02-CV-734-BH-S (S.D. Ala. 2003); *Tate v. Lawson*, Case No. 2:06-CV-1779-RBP (N.D. Ala. 2006); *Drelijah Joshua Muhammad, II v. McIntyre, III, et al.*, Case No. 1:06-CV-228-BH-C (S.D. Ala. 2006); *Tate v. Bass, et al.*, Civil Action No. 1:07-305-KD-C (S.D. Ala. 2007).

2254 petition as time-barred under the federal limitation period in 28 U.S.C. § 2244(d)(1). *Id.* Thus, Taite's instant petition constitutes a successive § 2254 petition.[6]

The AEDPA requires that a state prisoner seek authorization in the federal court of appeals to file a successive § 2254 petition "[b]efore [such petition] is filed in the district court." 28 U.S.C. § 2244(b)(3)(A); *see also id*. §§ 2244(b)(1), (b)(2), (b)(3)(B), (C). The Eleventh Circuit has observed that the language in § 2244(b)(3)(A) may prohibit a § 1631 transfer of a successive petition. *See Guenther v. Holt*, 173 F.3d 1328, 1330 n.4 (11th Cir. 1999) (noting, in a case involving a successive § 2254 habeas petition, that "there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals '[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court'").

Taite presents no evidence that, before filing this action, he obtained permission from the Eleventh Circuit Court of Appeals to file a successive § 2254 petition attacking his Clarke County burglary conviction. Thus, a § 1631 transfer of this action to another United States District Court in Alabama would be pointless because Taite has not satisfied the jurisdictional prerequisite—i.e., Eleventh Circuit authorization—for filing a successive § 2254 petition in any district court. For this reason, as well, the court finds the interest of

---

[6] Denial of a habeas petition "counts" as an adjudication on the merits for purposes of the successive petition rules in 28 U.S.C. § 2244(b). *See, e.g., Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) ("We hold today that a prior untimely petition does count [for purposes of 28 U.S.C. § 2244(b)] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims.").

justice does not warrant a § 1631 transfer and that dismissal of this action is proper. *See Trujillo v. Williams,* 465 F.3d 1210, 1233 n.16 (10th Cir. 2006) (factors to consider in deciding whether a transfer under § 1631 is in the interest of justice include whether the claims are made in good faith and whether it was clear at the time of filing that the court lacked the requisite jurisdiction); *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citing *Trujillo*).

Finally, this court finds a § 1631 transfer would also be futile because Taite's instant petition was time-barred when filed. As noted by the United States District Court for the Southern District of Alabama when dismissing as time-barred Taite's § 2254 petition filed in 2013, Taite's filing deadline for a § 2254 petition was July 11, 2001. *See Taite,* 2016 WL 4154257, at *6. "If applicable, a transfer under § 1631 would not benefit" Taite "because his application, in addition to being second or successive, was indisputably time-barred." *See Guenther*, 173 F.3d at 1331 (affirming the district court's dismissal and denial of a transfer under § 1631 because the limitations period for one petitioner had expired before his second filing). Again, the interest of justice does not warrant a § 1631 transfer in this case.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2254 petition for habeas relief be DISMISSED without prejudice because this court is without jurisdiction and the interest of justice does not warrant a § 1631 transfer.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **November 3, 2020.**  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc)..

DONE this 19th day of October, 2020.

    /s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

7